MICHAEL HENNESSY, JR., APPELLANT, *v.* DENNIS CONNOLLY, RESPONDENT.

*Policemen — power of, to arrest for violating city ordinance.*

A policeman has no authority to arrest, without a warrant, a person violating a city ordinance, unless expressly authorized so to do by the city charter, or unless such violation of the ordinance is accompanied by a breach of the peace.

*Butolph* v. *Blust* (5 Lans., 84) distinguished.

APPEAL from a judgment in favor of the defendant, entered upon the verdict of a jury, and from an order made at the Special Term denying a motion for a new trial made upon a case and exceptions.

*S. A. Webb*, for the appellant.

*N. W. Nutting*, for the respondent.

TALCOTT, J.:

This is an appeal from a judgment for the defendant, rendered on a verdict at the Oswego Circuit, and from an order of the Special Term denying a new trial. The action was for assault and battery and false imprisonment. The defendant was a policeman of the city of Oswego, and arrested the plaintiff on view and without warrant, on the charge of violating an ordinance of the city, which is as follows, viz.: "Section 8. The bridge across the Oswego river in this city, on the line of Bridge street, shall be kept and reserved free from all obstructions, and all groups and assemblages of persons thereon at any time are strictly prohibited. No person or persons shall sit or stand on said bridge or any railing thereof or occupy the same so as in any manner to obstruct the free passage thereof, or to hinder, molest or annoy any person in passing along the same; and no person shall peddle any fruits, nuts or other articles or things thereon. Whoever shall violate any provision of this section shall forfeit a penalty of five dollars for each and every offense."

By the charter of the city of Oswego, title 3, section 8 (Sess. Laws of 1860, ch. 463), the penalty for a violation of such an ordinance is to be collected before a justice of the peace, or other court, and the first process may be by civil warrant or summons.

The justice at the Circuit instructed the jury that the plaintiff was violating a city ordinance in regard to the bridge, and if he did not desist at the command of the officer then the officer had a right to arrest him without any process.

We find nothing, and are referred to no section in the charter of the city of Oswego, providing that a policeman may arrest without warrant and simply on view, for the violation of a city ordinance. It is not like the charter of Syracuse, which was examined by this

court in this respect in *Butolph* v. *Blust* (5 Lansing, 84); and it was found in that charter the power was expressly conferred on a policeman of the city to arrest, detain and take before the police justice, any person whom he shall find committing a violation of any ordinance of the city.

Admitting the obstruction of the bridge to have been a misdemeanor, the policeman had no authority to arrest the defendant unless such misdemeanor was accompanied by a breach of the peace at common law. (*Butolph* v. *Blust, supra.*) There was some evidence tending to show a breach of the peace by the plaintiff, preliminary to the arrest, and that the conduct of the plaintiff was reprehensible in the extreme, but the difficulty with the charge excepted to is, that it was not in any manner qualified; and the jury was instructed generally that if the plaintiff was violating a city ordinance and did not desist on demand, the policeman had a right to arrest him without warrant.

It may be that a policeman should have authority to arrest without warrant, and on view, any person engaged in the violation of a city ordinance, and we presume this authority is conferred by most city charters, but it is a matter which rests with the legislature, and until the power is conferred, an arrest by a constable without warrant, in case of a misdemeanor, can only take place where it is accompanied by a breach of the peace. (1 Chitty's Crim. Law, 13; *Carpenter* v. *Mills*, 29 How. Pr. R., 473.)

For the reason that the jury, under the instruction given them, cannot be deemed to have found a breach of the peace, the judgment and order denying a new trial must be reversed.

Present — MULLIN, P. J., TALCOTT and SMITH, JJ.

Judgment and order reversed and new trial granted, costs to abide the event.